*263 ORDER (Final Judgment)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to award the plaintiff the relief requested in his initial pleading as modified by a subsequent filing. The Court afforded the defendant the opportunity to respond to the Complaint. The defendant filed a timely answer, admitting, in part, to an outstanding debt obligation. The Court accordingly grants a judgment against the defendant for the undisputed amount.
PROCEDURAL HISTORY
The plaintiff, David L. Zwicke, initiated the current action by filing the Complaint with the Court on July 2, 2002. Consequently, the Court issued a Summons accompanied by the initial pleading on July 2, 2002, and delivered the documents by certified mail to the defendant, Roger Houghton. See Ho-Chunk Nation Hides of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 5(C)(1)(e). One Roger Houghton affixed his/her signature to the Domestic Return Receipt.
The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. 5(A)(2). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period. See HCN R. Civ. P. 54. On July 12, 2002, the defendant submitted a timely answer, acknowledging a reduced degree of indebtedness to the plaintiff. The plaintiff noted his agreement with the defendant’s assertions within an August 9, 2002 filing.[1]
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VII Judiciary
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho- *264 Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Sec. 6. Powers of the . Trial Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
HO-CHUNK NATION JUDICIARY ACT OF 1995
Sec. 2. Jurisdiction.
The Ho-Chunk Nation Judiciary shall exercise jurisdiction over all matters within the power and authority of the Ho-Chunk Nation including controversies arising out of the Constitution of the Ho-Chunk Nation; laws, statutes, ordinances, resolutions and codes enacted by the Legislature; and such other matters arising under enactments of the Legislature or the customs and traditions of the Ho-Chunk Nation. This jurisdiction extends over the Nation and its territory, persons who enter its territory, its members, and persons who interact with the Nation or its members wherever found.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process
(1) Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
(a) Personal Service is required for the initiation of actions in the following:
(i) Relief requested is over $5,000.00, excluding the enforcement of foreign child support orders....
(e) Service by Mail: Service of process may be accomplished by sending the required papers to a party by registered mail with return receipt requested, except in the instances of Rule 5(C)(l)(a)(i) ... as stated above.
Rule 53. Relief Available.
Except in a Default Judgment, the Court is not limited to the relief requested in the pleading and may give any relief it deems appropriate. The Court may only order such relief to the extent allowed by Ho-Chunk Nation enactments. The Court may order any party to pay costs, including attorney’s fees, filing fees, costs of service and discovery, jury and witness costs. Findings of fact and conclusions of law shall be made by the Court in support of all final judgments.
*265 Rule 54. Default Judgment.
A Default Judgment may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(l)(a)(i) ... or obtained judicial authorization to pursue other means of service such as publication or if a party fails to appear at a hearing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 58. Amendment to or Relief from, Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in w'hich to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (I) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (li); did not have proper service and did *266 not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time, .
Rule 59. Satisfaction of Judgment.
(A)Complete. The person owing money under a judgment must file proof of satisfaction of judgment with the Court stating the amount and date of payment and whether the payment was in full or partial satisfaction of the judgment. The satisfaction must be signed by the person who was owed the money.
Rule 61. Appeals.
Any final Judgment, or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate I’rocedure.
Rule 71. Execution of Judgment.
(A) Judgment. Judgments may be executed through a writ of execution on the property of a person against whom the money Judgment is entered. The party requests an execution of the Judgment, by filing a Motion and documenting that the judgment has not been fully satisfied.
(B) Hearing. When such a Motion, is filed, the Court shall order the person owing the money to appear and Answer under oath describing his money, property, and income. Failure to appear may be deemed a contempt of Court and the Court may proceed with the execution of Judgment without the person. Money and property may be seized by the Court and held to satisfy the Judgment. Any money and property seized shall be held for thirty (30) calendar days before being turned over to the party to whom the money is owed. The Court, in its discretion, may release the money or property in less than thirty (30) days, if the release will not cause harm to either party.
(C)Satisfaction of Judgment. The person owing the money may redeem whatever is seized by paying to the Court the full amount of the Judgment, plus interest and any costs to the other parties and the Court in executing the Judgment. This includes the costs of storing and maintaining whatever is seized.
Rule 72. Garnishments and or [sic] Liens.
Garnishment/lien is a proceeding to obtain satisfaction of a Judgment for money out of property or money in the possession or control of a third party. A Judgment may be collected through a writ of execution on the income or other funds being held by someone other than the person owing the debt. The person requesting execution of Judgment shall ask the Court to serve the Writ of Execution and an Order directed to the third party which requires them to turn over property or money in their possession or control belonging to the person owing the debt. The property of [sic ] money shall be turned over to the Court and held as under the above rule on execution of judgments.
FINDINGS OF FACT
1. The plaintiff, David L. Zwicke, is a non-member, and maintains a residence at 2620 Sampson Street, Wisconsin Rapids, WI 54494. Compl. at 1.
2. The defendant, Roger L. Houghton, Sr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A005893, and maintains a mailing address of P.O. Box 1193, Wisconsin Rapids, WI 54495. Summons.
*267 3. The defendant received proper service of process of the July 2, 2002 Complaint.
4. In the initial pleading, the plaintiff alleged that the Court could adjudicate the cause of action pursuant to its constitutional grant of jurisdictional authority.[2] Compl. at 3 (citing Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VII, § 5(a)); see also Ho-Chunk Casino & Hotel, et al. v. Rory E. Thundercloud et al, CV 04-36 (HCN Tr. Ct., Aug. 17, 2005) at 7 n.2 (examining judicial analysis of ambiguous jurisdictional assertions). The plaintiff also made the following request for relief in the Complaint: “the sum of $750.00 ... borrowed [to] Roger Houghton ... for his personal and family medical problems.” Com/pl, at 1.
5. On July 12, 2002, the defendant timely responded to the Complaint, and “acknowledge^ that he] still owe[d] Dave Zwicke [the amount of] $375.” Answer.
6. On August 9, 2002, the plaintiff expressed his agreement with the defendant’s assertion, stating that “Roger [Houghton] is correct, and still owes me $375.00.” Am. Compl. Additionally, the plaintiff seeks reimbursement for the cost of filing ($50.00). See HCN R. Civ. P. 53.
DECISION
In the instant case, the plaintiff requested monetary relief, which the Court may grant pursuant to its broad constitutional authority in this regard. Const., Art. VII, § 6(a). The Court exercises personal jurisdiction over the defendant by virtue of his membership in the Ho-Chunk Nation. The Court exercises subject matter jurisdiction over the dispute by virtue of the proclamation of the Ho-Chunk Nation Traditional Court. See supra, note 2, at -—. The Court deems that extension of the stated traditional principle into the present context proves reasonable and just. Although the tribe would not have traditionally dealt in terms of currency, the sanctity and attendant responsibilities of an agreement were recognized as self-evident. The Constitution specifically designates customs and traditions of the Ho-Chunk Nation as a source of law upon which the Court may base subject matter jurisdiction. Const., Art. VII, § 5(a); see also HCN Judiciary Act of 1995, § 2.
Consequently, the Court directs the defendant to satisfy the debt obligation of $425.00, including the filing fee, within four (4) months from the entrance of this decision.[3] The defendant must file proof of satisfaction of the judgment with the Court on or before March 10, 2006, in the manner described in HCN R. Civ. P. 59. Failure to abide by the terms of this judgment may prompt further action as described below.
*268 The plaintiff may request an execution of the judgment pursuant to HCN R. Civ. P. 71-72 and/or a Show Cause Hearing under the Ho-Ghunk Nation Contempt Ordinance if the defendant fails to deliver timely repayment. The plaintiff must make any sueh requests) by proper motion(s) to the Court with duplicate service to the defendant. Successful motions potentially could result in the imposition of fines, garnishment, and/or liens against the defendant.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN It. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “tajny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. HCN R. Civ. P. 61.

. The presiding judge extends his sincerest apologies to the parties for the failure of the Court to enter a timely decision in this matter. Each trial judge maintains a dutv to “dispose promptly of the business of the court.” HCN Rules of Judicial Ethics, § 4-1(E); see also In the Matter of Timely Issuance of Decisions, Admin. Rule 04-09-05(1) (HCN S.Ct., Apr. 9, 2005) (requiring issuance, of final judgments within ninety (90) days following completion of trial level process). Former Chief Judge William H. Bossman utterly tailed in this regard by not issuing a judgment prior to the expiration of his legislative appointment on July 1, 2005. In the interests of justice, the Court informs the parties of the availability of seeking mandamus relief from the Ho-Chunk Nation Supreme Court in order to compel action of a trial level judge. See In re: Casimir T. Ostrowski, SU 05-01 (HCN S.Ct., Feb. 21, 2005) (citing ConSTITUTION OF THE Ho CHUNK NATION, Art. VII, § 6(a)).

. In conjunction with a prior ease, the Court consulted the Ho-Chunk Nation Traditional Court to ascertain "whether Ho-Chunk Nation custom and tradition recognized agreements analogous to the modern day ‘contract.’ ” Ho-Chunk Nation v. Ross Olsen, CV 99-81, 2000 WL 35716348, 2 Am. Tribal Law 299, 307-08 (HCN Tr. Ct., Sept. 18, 2000) at 13. The Traditional Court responded by relating that "according to the Ho-Chunk Nation's traditions and customs, once an agreement for the performance of services or production of goods is made, the parties have a duty to fulfill their obligations,” meaning "that it was wrong for one party to keep a benefit obtained from an agreement without providing the agreed upon compensation.” Id. at 9, 14, at 304-OS, 308 (footnote omitted).

. The Court deems this a reasonable repayment period by reference to the Tribal Loan Fund as Established by the Ho-Chunk Nation, which requires a minimum repayment of $25.00 per week for a loan of $25.00 to $1,500.00. See, e.g., Carol Jo Garvin v. George W. Garvin, CS 98-56, CV01-27 (HCN Tr. Ct., June 4, 2003) at 15 n.8.